IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TMS EQUIPMENT, LLC, | ) | |
| | ) | CASE NO. BK10-81001-TJM |
| Debtor(s). | ) | A10-8021-TJM |
| VFS US LLC, d/b/a VOLVO FINANCIAL SERVICES, f/d/b/a VOLVO COMMERCIAL FINANCE, | ) ) ) | 8:10CV103 |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| TMS EQUIPMENT, LLC, and TMS DEVELOPMENT, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

REPORT and RECOMMENDATION

This matter is before the court on the plaintiff's motion for withdrawal of the reference (Fil. No. 14). T. Randall Wright and John H. Rowland represent the plaintiff. Robert F. Craig represents the defendant TMS Equipment, LLC, and James B. Cavanagh and Keith A. Harvat represent both defendants.

The plaintiff's replevin complaint was pending against the defendants in the United States District Court for the District of Nebraska at the time the defendant TMS Equipment, LLC, filed its bankruptcy petition. The lawsuit was transferred to this court. In the meantime, the parties reached an agreement to grant the plaintiff relief from the automatic stay, but to allow the debtor 120 days to sell the plaintiff's collateral and remit the proceeds as part of an orderly winding-down of the debtor's business operations. The 120 days passed without the debtor turning over the rest of the collateral. In a separate adversary proceeding by the debtor against the plaintiff and the Volvo Construction Equipment franchiser, the debtor sought a preliminary injunction to prevent the Volvo entities from pursuing their remedies and to permit the debtor to continue in business, using the plaintiff's collateral. That injunction was denied. See Order of Aug. 2, 2011 (Fil. No. 74), in TMS Equip. LLC v. Volvo Equip. Rents, Inc. (In re TMS Equip., LLC), Adv. Proc. No. A11-8056-TJM.

Accordingly, there is no impediment to the plaintiff's ability to pursue its rights in the secured property. For that reason, this adversary proceeding should be returned to the United States District Court for such further proceedings as are appropriate. Therefore, I respectfully recommend to the United States District Court for the District of Nebraska that it grant the motion and withdraw the reference of this adversary proceeding.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: August 10, 2011

RESPECTFULLY SUBMITTED,

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Robert F. Craig
    James B. Cavanagh
    Keith A. Harvat
    *T. Randall Wright
    John H. Rowland
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.